**Janet Dawn BOWMAN, Plaintiff—Appellant,**

v.

**Ronny DOZIER, in his individual capacity; Deschutes County Sheriff's Department, a subdivision of Deschutes County, a municipal corporation of the State of Oregon, Defendants—Appellees.**

No. 02–35007.

D.C. No. CV–01–06004–CO.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 7, 2003.

Decided Aug. 5, 2003.

Before SCHROEDER, Chief Judge, HUG, and BERZON, Circuit Judges.

MEMORANDUM *

Janet Bowman ("Bowman") appeals the district court's grant of summary judgment against her in her 42 U.S.C. § 1983 action against Deputy Ronny Dozier and

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the Deschutes County Sheriff Department for the alleged use of excessive force. Because the facts are familiar to the parties, we recount them only as necessary to explain our decision.

In analyzing qualified immunity, the Supreme Court has instructed lower courts to follow a two-step inquiry. *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). First, whether the officer's conduct violated a constitutional right. *See id.* If no constitutional right is violated there is "no necessity for further inquiries concerning qualified immunity." *Id.* If a right is violated, then the second inquiry is whether that right was clearly established at the time of the incident. *See id.* A constitutional right is clearly established when "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.*

■ To succeed on a excessive force claim under the Fourth Amendment, a claimant must show that the officer's actions were objectively unreasonable under the circumstances. *Graham v. Connor,* 490 U.S. 386, 388, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). In viewing the evidence in the light most favorable to Bowman, we are unable to say that the Dozier's actions were not objectively reasonable under the circumstances. *See Saucier v. Katz,* 533 U.S. 194, 204–05, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *Graham,* 490 U.S. at 396–97 (1989); *Robinson v. Solano County,* 278 F.3d 1007, 1013–14 (9th Cir.2002) (en banc). In effectuating the lawful arrest, Dozier's attempt to pull Bowman to her feet, which is clearly a necessary step in getting her to the patrol car, was not unreasonable. The right to make an arrest necessarily carries with it the right to use "some degree of physical coercion or threat thereof to effect it." *Graham,* 490 U.S.

at 396. Therefore, under the first prong of *Saucier*'s qualified immunity analysis, there was no constitutional violation. *Saucier,* 533 U.S. at 201.

■ Even if the force used here were determined to be excessive, we would proceed to ask whether the right that was violated was clearly established. *See Saucier,* 533 U.S. at 206–07. We find that the contours of the right against excessive force in this context were not so clearly established at the time that a reasonable officer would have known that his conduct was unlawful. *See id.* at 202. *See also Hope v. Pelzer,* 536 U.S. 730, 739, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002). After 30–40 minutes of delay, some force had to be used to effectuate the arrest, and the pulling on Bowman's arm to get her to her feet does not constitute a clearly established violation of the law.

Under 42 U.S.C. § 1983, a municipality like the Deschutes County Sheriff Department can be held liable for damages, however, because we find that there is no constitutional violation, there can be no liability. *See, e.g., Los Angeles v. Heller,* 475 U.S. 796, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986); *Scott v. Henrich,* 39 F.3d 912 (9th Cir.1994).

AFFIRMED.

BERZON, J., concurring.

I do not agree with the majority's conclusion that there was no excessive force used. In Janet Bowman's version of events, which must be credited for present purposes, she informed Deputy Dozier that she "broke easy"; that she had suffered a stroke; and that she moves slowly. When Deputy Dozier insisted that it was time to effectuate an arrest, Bowman said she was ready to go. The crime in question, hitting her husband with a mop during a

domestic dispute, was certainly not a serious one.

Under these circumstances—where a clearly impaired, elderly person was being arrested for a minor crime and was not resisting arrest, and the arresting officer had specific reason to know that she was prone to physical injury from even minor force—I would hold that the use of even such minor force to effectuate an arrest was excessive. The officer could have waited a bit longer; alternatively, he could have arranged to have Bowman carried to the police car rather than pulling on her with sufficient force to tear her rotator cuff.

I nonetheless concur in the result, as I agree that there is no clearly established law to this effect. *See Saucier v. Katz,* 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).